TAGGED OPINION



**ORDERED in the Southern District of Florida on September 29, 2021.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| Daymark Realty Advisors, Inc., | Case No. 18-23750-SMG |
| Daymark Properties Realty, Inc., | Case No. 18-23751-SMG |
| Daymark Residential Management, Inc., | Case No. 18-23752-SMG |
| | (substantively consolidated) |
| Debtors. | |
| _____/ | |
| Todd A. Mikles, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. No. 19-1291-SMG |
| Richard Carlson, *et al.*, | |
| Defendants. | |
| _____/ | |

**<u>ORDER TAXING COSTS ON APPEAL</u>**

After the Honorable Rodney Smith of the United States District Court for the Southern District of Florida entered an *Order Affirming Order of Bankruptcy Court*[1] on July 28, 2021, Appellees Todd A. Mikles, *et al.* (the "Appellees") timely filed a *Bill of Costs*[2] under Federal Rule of Bankruptcy Procedure 8021 and Local Rule 8021-1. The Bill of Costs requested costs be taxed against Appellant, Kenneth Catanzarite, Esq. (the "Appellant"), in the total amount of $2,448.65, consisting of $2,006.50 for court reporter transcript fees and $442.15 for PACER charges.

The Appellant timely objected[3] to the Bill of Costs and raised three principal arguments. First, he argued that the Bill of Costs was filed in violation of the 14-day automatic stay of Federal Rule of Bankruptcy Procedure 8025(a), which he contended remains in effect. Second, he argued that the PACER charges lacked specificity and clarity, and that the Appellees needed "to produce records substantiating the connexity of his listed Pacer searches to the instant case, including the page count and Pacer charge." And third, he argued that the Appellees must provide court reporter statements and demonstrate that the transcripts were needed to determine the appeal.

The Court held a hearing on the Objection on September 22, 2021.[4] Before the hearing, the Appellees filed a *Request for Judicial Notice*,[5] requesting that this Court

---

[1] ECF No. 233.
[2] ECF No. 235.
[3] ECF No. 241 (the "Objection").
[4] ECF No. 242.
[5] ECF No. 244.

take judicial notice[6] of certain documents filed in the District Court case on appeal, which request the Court granted at the hearing.

## Analysis

The statutory basis to tax costs is set forth in 28 U.S.C. § 1920, which provides that "a judge or clerk of any court of the United States may tax as costs" those costs enumerated in the statute.[7] Various federal rules of procedure implement the statute, depending on the context in which costs are to be taxed.[8] A presumption exists in favor of awarding costs.[9] Unless the prevailing party has some "exclusive knowledge" about the costs being sought,[10] the objecting party has the burden of establishing that the costs are not taxable.[11] A court must have a "sound basis" to defeat this presumption and deny the costs requested.[12]

---

[6] Fed. R. Ev. 201.
[7] The following costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of [Title 28];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C. § 1920.
[8] *See, e.g.*, Fed. R. Civ. P. 54(d)(1); Fed. R. App. P. 39; Fed. R. Bankr. P. 7004(b); Fed. R. Bankr. P. 8021.
[9] *Lebron v. Royal Caribbean Cruises, Ltd.*, 2021 WL 3007191, at *1 (S.D. Fla. 2021), *report and recommendation adopted*, 2021 WL 3005648 (S.D. Fla. 2021) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)).
[10] *Id.* at *2 (citing *Licausi v. Symantec Corp.*, 2009 WL 3177566, at *1 (S.D. Fla. 2009)).
[11] *Id.* at *2 (citing *Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. 2009)).
[12] *Id.* at *1 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

3

A. <u>Timing of filing Bill of Costs</u>.

Federal Rule of Bankruptcy Procedure 8021 implements 28 U.S.C. § 1920 with respect to costs for an appeal to the district court or a bankruptcy appellate panel (a "BAP") from a bankruptcy court order or judgment. Rule 8021(d) requires a party who wants costs taxed to file a bill of costs within 14 days after entry of the judgment on appeal.[13] Federal Rule of Bankruptcy Procedure 8025(a), however, provides that unless the district court or BAP orders otherwise, its judgment on appeal is stayed for 14 days after entry.[14] Thus, the Appellant argues, filing a bill of costs within the 14-day deadline set by Rule 8021 violates the 14-day automatic stay of Rule 8025(a).

Under the Appellant's argument (for which he cites no case law or any other authority), no party could *ever* timely file a bill of costs without violating the automatic stay (or seeking an extension of time or relief from the stay). This could not be the intent of the rules. A better reading of the two rules is that while Rule 8025(a) is an automatic stay of execution or enforcement of the district court's judgment, simply filing a bill of costs with the bankruptcy clerk as required by Rule 8021 is not an act to execute on or enforce a judgment, and does not violate the 14-day automatic stay of Rule 8025(a). Indeed, Rule 8021(d) provides a 14-day objection period after service of a bill of costs, before the clerk may tax any costs. The clerk therefore could not tax any costs – and no party could seek to collect on any award of costs – until after expiration of the 14-day automatic stay of Rule 8025(a). Thus, no plausible reading of Rules 8021 and 8025 together suggests that filing a bill of costs

---

[13] Fed. R. Bankr. P. 8021(d).
[14] Fed. R. Bankr. P. 8025(a).

4

within the 14-day deadline set by Rule 8021(d) violates the automatic stay of Rule 8025(a).

The Appellant also argues that under Federal Rule of Bankruptcy Procedure 8025(b)(3), the Rule 8025(a) automatic stay of the District Court's order continues in effect because he appealed before expiration of that automatic stay. He is incorrect. Rule 8025(b)(3) provides that "[i]f, before a stay expires, the party who obtained the stay appeals to the court of appeals, the stay continues until final disposition by the court of appeals."[15] The stay referred to in subsection 8025(b)(3) is a court-ordered stay under subsection (b)(1), and not the automatic stay of subsection (a).[16] Accordingly, the Appellant's appeal to the Court of Appeals within 14 days of the District Court's order does not serve to extend the 14-day automatic stay of Rule 8025(a). Had the Appellant wanted a stay pending appeal to the Court of Appeals, he would have had to have sought a stay pending appeal under Rule 8025(b)(1) and then appealed to the Court of Appeals before that stay expired.[17] Regardless, because the Bill of Costs was not filed in violation of any stay, the Appellant's objection to the timing of its filing is overruled.

---

[15] Fed. R. Bankr. P. 8025(b)(3).
[16] 10 COLLIER ON BANKRUPTCY ¶ 8025.03 (16th ed. 2021) ("subdivision (b)(3) refers to 'the party who obtained the stay' appealing; no one obtains the automatic stay of Rule 8025(a).").
[17] Fed. R. Bankr. P. 8025(b)(3). The Court does note that, after entry of the Court's *Order Liquidating and Awarding Compensatory Sanctions* (ECF No. 182; *see also* ECF No. 112) (the "Sanctions Order") that was the subject of the appeal, the Court granted a stay of the Sanctions Order, secured by a supersedeas bond posted by the Appellant. (ECF Nos. 193, 195). Timely filing the Bill of Costs while that stay was pending does not violate that stay, either.

B.     PACER charges.

With respect to the Appellant's objection to PACER charges due to lack of specificity and clarity, the Court notes that this objection comes nowhere close to satisfying the Appellant's burden of establishing that these costs are not taxable. Nevertheless, the objection to taxing costs for PACER fees must be sustained as a matter of law. Courts in this District have routinely found that PACER costs are not taxable under 28 U.S.C. § 1920,[18] and this Court agrees with and adopts the reasoning of those decisions. Accordingly, the Appellant's objection to taxing the Appellees' PACER costs is sustained. PACER costs totaling $442.15 will not be taxed.

C.     Transcript costs.

Finally, as to the transcripts, nothing in the Appellant's Objection or his counsel's arguments at the hearing were sufficient to overcome the presumption in favor of awarding costs. Indeed, the Objection attempted to shift the burden to the Appellees to "demonstrate that the subject transcripts were needed to determine the appeal." As noted above, there is a presumption in favor of awarding costs, and it is the objecting party's burden to establish that the costs are *not* taxable.[19] The Appellant failed to sustain that burden. Likewise, the Appellant's argument that the Appellees must produce court reporter statements is also an insufficient basis to overcome the presumption in favor of awarding costs. The Bill of Costs contained an itemization in accordance with this *Court's Guidelines for Taxation of Costs by*

---

[18] *Lebron*, 2021 WL 3007191, at *7 (citing *Rodriguez v. Geovera Specialty Insurance Co.*, 2020 WL 2732337, at *9, (S.D. Fla. 2020); *Rivero v. Godoy*, 2019 WL 1178472, at *5 (S.D. Fla. 2019); *McGilvery v. Williams*, 2017 WL 8812740, at *2 (S.D. Fla. 2017)).
[19] *See* notes 9-12, *supra*.

6

*Clerk*,[20] listing each transcript by the date it was ordered, the amount charged, the dates of the hearings transcribed, and the bases under the Guidelines for an award of costs. Again, with the burden on the objecting party, the Appellees had no obligation to produce court reporter statements to the Appellant to verify the amount of costs sought by the Appellees in the Bill of Costs.[21] The Appellant's objection to taxation of the transcript costs is therefore overruled as well. Transcript costs in the amount of $2,006.50 will be taxed.

## Conclusion

After due consideration of the Bill of Costs, the Objection, and the arguments of counsel, and for the reasons discussed above, it is **ORDERED:**

1. The Request for Judicial Notice is **GRANTED**.

2. The Objection is **OVERRULED IN PART** and **SUSTAINED IN PART**, as detailed above.

3. Costs are taxed in the amount of $2,006.50, and included in the Sanctions Order.

### #

Copies furnished to:

All interested parties by the Clerk of Court

---

[20] https://www.flsb.uscourts.gov/guidelines-taxation-costs-clerk.
[21] With access to copies of the transcripts in the appellate record – and having himself ordered certain transcripts in this adversary proceeding (*see, e.g.*, ECF Nos. 127, 200) – the Appellant could have easily computed and verified the transcript costs on his own.